ALEX TSE (CABN 152348)
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515



FILED
FEB 08 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MERUDH PATEL,<br><br>Defendant. | CASE NO. CR 17 00069 EJD<br><br>VIOLATIONS: 18 U.S.C. § 1030(b) – Conspiracy to Violate 18 U.S.C. §§ 1030(a)(4) and (c)(3)(A); 18 U.S.C. §§ 1030(i) and (j) and 21 U.S.C. § 853 – Criminal Forfeiture<br><br>SAN JOSE VENUE |

INFORMATION

The United States Attorney charges:

BACKGROUND

At all times relevant to this Information:

1. Facebook, Inc. (Facebook) owned and operated the social networking site located at www.facebook.com, which had more than one billion users worldwide. The company was headquartered and maintained a computer network in Menlo Park, California, and other locations. Facebook's computer network was used in interstate and foreign commerce and communication and was a "protected computer" under 18 U.S.C. § 1030(e)(2).

2. One of the ways that Facebook generated revenue was to allow different entities to post advertisements on Facebook. The advertisements were displayed on Facebook users' computer screens

INFORMATION

1 when they logged into their Facebook accounts. Because Facebook has over one billion users, advertisers used this service to reach a large number of potential customers. Advertisers created accounts with Facebook that enabled them to login into Facebook and choose which advertisements they wished to post on the site. Each advertising account had an email account and password associated with it. The advertisers had numerous options to select from, including target demographics for the advertisements and how many advertisements they wished to post.

3. Facebook had several different types of advertising accounts, including "Daily Spend Limit" and "invoice" accounts. Daily Spend Limit accounts could only post a certain dollar amount worth of advertisements per day, typically $500 or $5,000 a day. Invoice accounts were not limited to a certain dollar amount per day; but were limited by the line of credit issued by Facebook and associated with the account. Credit lines could be over $1 million dollars.

4. Defendant MERUDH PATEL ("PATEL") worked in a supervisory position at an affiliate marking company called 4th Gear Media in Rahway, New Jersey, which was owned by "D.L." PATEL used his Skype account "Merudh Patel Desktop – Merudh" to communicate with his co-conspirators in other states concerning the details of the conspiracy described below.

## MANNER AND MEANS OF CONSPIRACY

5. The object of the conspiracy was to illegally access the Facebook advertising accounts, specifically invoice accounts, that were managed by advertising agencies, in order to use the credit lines of those compromised accounts to post advertisements that were not authorized by the account holders.

6. It was part of the conspiracy that co-defendant "J.R." obtained the usernames and passwords and other means of access for the invoice accounts the victim advertising companies established with Facebook on behalf of their customers. J.R. sent information through a variety of online methods containing the usernames, passwords, and other means of access to co-defendant "E.D.," who then provided access to those accounts to PATEL and co-defendant D.L.

7. It was further part of the conspiracy that PATEL and other individuals illegally accessed those invoice accounts to post advisements on Facebook that were not authorized by the account holders and that were charged against the lines of credit of the actual account holders, and PATEL and other individuals ultimately obtained free advertising in this manner. The proceeds of the use of the stolen

INFORMATION 2

credentials were split between D.L. and E.D., and PATEL was given a bonus from D.L. in return for his assistance in accessing these accounts.

COUNT ONE: (18 U.S.C. § 1030(b) – Conspiracy to Violate 18 U.S.C. §§ 1030(a)(4) and (c)(3)(A))

8. The factual allegations at Paragraphs One through Seven are realleged and incorporated as if set forth fully here.

9. Beginning in or around July 2014 and continuing through in or around August 2014, in the Northern District of California, and elsewhere, the defendant,

MERUDH PATEL,

did knowingly conspire and agree with individuals known as D.L. and E.D. to commit an offense under 18 U.S.C. §§ 1030(a)(4) and (c)(3)(A), that is, knowingly and with intent to defraud, accessing a protected computer without authorization, and by means of such conduct furthered the intended fraud and obtained something of value, specifically, credit lines belonging to advertising companies, and the use of the computer and the value of such use was more than $5,000 within a 1-year time period, in violation of 18 U.S.C. §§ 1030(a)(4) and (c)(3)(A).

All in violation of Title 18, United States Code, Sections 1030(b), 1030(a)(4), and (c)(3)(A).

FORFEITURE ALLEGATION: (18 U.S.C. §§ 1030(i) and (j) and 21 U.S.C. § 853)

10. The factual allegations contained in Count One are hereby realleged for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 1030(i) and (j).

11. Upon conviction of the offense set forth in Count One of this Information, the defendant,

MERUDH PATEL,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1030(i) and (j), any personal property used or intended to be used to commit or to facilitate the commission of said violation or a conspiracy to violate said provision, and any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.:

12. If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided without
                difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1030(i)(2).

        All pursuant to Title 18, United States Code, Sections 1030(i) and (j), and Title 21, United States Code, Section 853.

DATED: 2/7/17

_____
MATTHEW A. PARRELLA
Chief, CHIP Unit

(Approved as to form: _____ )
                      AUSA SUSAN KNIGHT

INFORMATION                                      4

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

—— OFFENSE CHARGED ——

Count One: 18 U.S.C. §1030(b)- Conspiracy to Violate 18 U.S.C. §§ 1030(a)(4) and (c)(3)(A); 18 U.S.C. §§ 1030(i) and (j) and 21 U.S.C. § 853- Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Count One: 5 years imprisonment, $250,000.00 fine, 3 years supervised release, $100 special assessment.

—— DEFENDANT - U.S ——

▶ Merudh Patel

DISTRICT COURT NUMBER

CR 17 00069

FILED
FEB 08 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

EJD
NC

—— PROCEEDING ——

Name of Complainant Agency, or Person (& Title, if any)
FBI Jeffrey Miller

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form: Brian J. Stretch
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Susan Knight

DEFENDANT

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction     } ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
} If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____  Before Judge: _____

Comments: